UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

Case No.  **CV 06-1190-JFW (SSx)**                          Date: June 6, 2006

Title:    Broadcast Data Retrieval Corporation, et al. -v- Sirius Satellite Radio, Inc.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                                          None

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING DEFENDANT'S MOTION TO
                              TRANSFER VENUE OR, IN THE ALTERNATIVE, TO
                              STAY THIS ACTION [filed 4/28/06; Docket No. 20];

                              ORDER TRANSFERRING ACTION TO THE SOUTHERN
                              DISTRICT OF NEW YORK;

                              ORDER VACATING SCHEDULING CONFERENCE

   On April 28, 2006, Defendant Sirius Satellite Radio, Inc. ("Sirius" or "Defendant") filed a Motion to Transfer Venue or, in the Alternative, to Stay this Action. On May 15, 2006, Plaintiffs Broadcast Data Retrieval Corp. ("BDRC") and Coupon Radio, Inc. ("Coupon Radio") (collectively "Plaintiffs") filed their Opposition. On May 26, 2006, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's June 5, 2006 hearing calendar and the parties were given advance telephonic notice. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

I.    **Factual and Procedural Background**

   Plaintiff Coupon Radio is the current owner, by assignment, of U.S. Patent No. 5,063,610 (the "'610 Patent") and Plaintiff BDRC is the exclusive licensee of the '610 Patent. *See* First Amended Complaint ("FAC") at ¶ 9. According to BDRC's original Complaint, BDRC was the owner of the '610 Patent at the time this action was commenced. Prior to forming BDRC, Acacia Research Corporation and Acacia Global Acquisition Corporation (collectively "Acacia") were the owners of the '610 Patent. On March 30, 2005, Acacia sent a letter to Sirius informing Sirius that

Acacia believed that the '610 Patent "covers a service being offered by Sirius."[1] In that letter, Acacia noted that it expected that Sirius would send the matter to outside patent counsel for review and stated that its "goal" was "to resolve this matter amicably without the need for excessive legal costs." After further communications between the parties, and in response to the March 30, 2005 letter, on August 24, 2005, Sirius filed a declaratory judgment action against Acacia in the United States District Court for the Southern District of New York seeking a declaration of non-infringement of the '610 Patent (the "SDNY Action").

Acacia moved to dismiss the SDNY Action for lack of subject matter jurisdiction on the grounds that there was not a live "case or controversy." During the hearing on the motion to dismiss before the Honorable Paul A. Crotty of the District Court for the Southern District of New York, Acacia represented that the March 30, 2005 letter was intended to put Sirius on notice that Acacia believed Sirius was infringing the '610 Patent, but the letter did not constitute an "imminent threat of litigation." On January 30, 2006, Judge Crotty granted Acacia's motion to dismiss for lack of subject matter jurisdiction, finding that "the pre-action communications between the parties . . . do not create an actual controversy." Sirius filed a timely appeal of Judge Crotty's decision with the Federal Circuit. Approximately one week after Judge Crotty issued his decision, on February 7, 2006, Acacia incorporated BDRC. Three weeks later, on February 27, 2006, BDRC filed the present action against Sirius for infringement of the '610 Patent. Sirius now moves to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## II.    Legal Standard

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer 'according to an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

"To support a motion for transfer the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Once the Court has determined that venue is proper in the transferor and transferee districts, the Court turns to "the central inquiry of a § 1404(a) motion" - the convenience of the parties and witnesses and the interests of justice." *Joe Boxer Corp. v. R. Siskind & Co., Inc.*, 1999 WL 429549, at *8 (N.D. Cal. June 8, 1999). In determining the

---

[1] Notwithstanding the fact that the March 30, 2005 letter is on Acacia's letterhead, in its FAC BDRC states that it, not Acacia, put Sirius on notice of the alleged infringement with the March 30, 2005 letter.

convenience of the parties and witnesses and the interests of justice, the Court may consider multiple factors, including, *inter alia*: (1) the plaintiffs' choice of forum; (2) the respective parties' contacts with the forum; (3) the contacts relating to the plaintiffs' claims for relief in the chosen forum; (4) the ease of access to sources of proof; (5) familiarity of each forum with applicable law; and (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses. *See, e.g., Jones*, 211 F.3d at 498-99.

## III. Discussion

As a threshold matter, the Court has determined, and Defendant does not dispute, that venue is proper in this District. Neither party disputes that venue would also be proper in the Southern District of New York. As set forth below, the Court finds that Defendant has established that transfer of this action to the Southern District of New York will serve the convenience of the parties and witnesses and will promote the interest of justice.

The convenience of the witnesses is often the most important factor considered by the Court when deciding a motion to transfer under Section 1404(a). *See, e.g., Los Angeles Memorial Coliseum Commission v. National Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). In its Motion, Defendant states that all of the relevant party and non-party witnesses are located in New York. Defendant specifically identifies two important non-party witnesses who are likely to offer relevant testimony: David Alwadish, the inventor of the patent at issue, and Leo Zucker, the patent attorney who prosecuted the patent at issue before the U.S. Patent and Trademark Office. Both Mr. Alwadish and Mr. Zucker reside in New York. In addition to the non-party witnesses, all of the party witnesses who are expected to provide relevant testimony regarding the design, function and operation of Defendant's allegedly infringing products, such as Terrence Smith, the head of engineering for Sirius, work and reside in New York. Because all of the potential witnesses identified by Defendant reside in New York, not only would a trial in this District be inconvenient for those witnesses, two important non-party witnesses could not be compelled to testify if the case remained in this District. *See id.* ("In assessing the effect of a transfer on the convenience of witnesses, courts consider the effect of a transfer on the availability of certain witnesses, and their live testimony, at trial."). Notably, Plaintiffs failed to identify even a single potential witness who resides in California. Since the only witnesses that have been identified as relevant by the parties reside in New York, the factor regarding the convenience of the witnesses strongly favors transfer to the Southern District of New York.

Indeed, upon review of the remaining statutory and non-statutory factors to be considered in a Section 1404(a) transfer analysis, the only factor which appears to weigh against transfer is Plaintiffs' choice of this District as the forum. Generally, courts afford the plaintiffs' choice of forum substantial weight in a Section 1404(a) analysis. *See, e.g., Decker*, 805 F.2d at 843. However, "where the forum lacks a significant connection to the activities alleged in the complaint," the degree to which courts defer to the plaintiff's chosen venue is "substantially reduced." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Pacific Car & Foundry Co. v. Spence*, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.").

Plaintiffs claim that this District has a significant connection to this action because Plaintiff BDRC has its principal place of business in this District and because Defendant Sirius transmits satellite radio, sells subscription services, and sells its products in this District. However, Plaintiff BDRC was formed three weeks prior to the filing of this action, and has failed to demonstrate that in those three weeks it engaged in any activity that would give this District a signification connection to this action. With respect to Defendant's activities in this District identified by Plaintiffs, those activities do not constitute the "operative facts" on which Plaintiffs' FAC is based. In this case, the operative facts which form the basis for the allegations in Plaintiffs' FAC occurred in the Southern District of New York, as the inventor of the patent at issue resides in New York, and the design and development of the allegedly infringing product(s) took place in New York. Unlike the Southern District of New York, the forum chosen by Plaintiffs lacks a significant connection to the activities alleged in the FAC and simply has no particular interest in the subject matter of this action. Accordingly, Plaintiffs' choice of forum is entitled to minimal deference, especially in light of BDRC's efforts to forum shop.

The Court is troubled by the fact that BDRC's parent, Acacia, moved to dismiss the SDNY Action on the grounds that there was not an "actual controversy," formed BDRC one week after receiving a favorable ruling on its motion, and then BDRC filed this action based on the same facts and issues as the SDNY Action within a month of Acacia representing to Judge Crotty that there was no "actual controversy." It would appear to this Court that the actions of Acacia and BDRC are nothing more than an elaborate scheme to forum shop. In light of the fact that Defendant's appeal of Judge Crotty's decision to the Federal Circuit will be rendered moot by the transfer of this action to the Southern District of New York, and that transfer of this action is preferable to a stay of this action pending a determination of Defendant's appeal by the Federal Circuit, judicial economy and the interests of justice also strongly favor the transfer of this action to the Southern District of New York.

Based on an analysis of the relevant factors, the Court finds that Defendant has established that transfer of this action to the Southern District of New York will serve the convenience of the parties and witnesses and will promote the interest of justice. Accordingly, Defendant's Motion to Transfer Venue or, in the Alternative, to Stay this Action is **GRANTED**. This action is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.

The Scheduling Conference, currently on calendar for June 12, 2006, is **VACATED**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.